# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| Marcie Gentry,<br><br>Plaintiff,<br><br>– against–<br><br><br>TD Bank USA, N.A. and Zakheim & Lavrar, P.A.,<br><br>Defendant(s). | Civil Action No.<br><br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Marcie Gentry, (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, TD Bank USA, N.A. and Zakheim & Lavrar, P.A., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Marcie Gentry, is an adult citizen of the State of Virginia.

3. Defendant, TD Bank USA, N.A. ("TD Bank"), is a financial institution that is regularly engaged in the business of collecting debts in Delaware, with its principal place of business located at 2035 Limestone Road, Wilmington, DE 19808.

4. Defendant, Zakheim & Lavrar, P.A. ("Zakheim"), is a for profit business entity that is regularly engaged in the business of collecting debts in Delaware, with its principal place of business located at 1133 S University Drive, Plantation, FL 33324. The principal business purpose of Zakheim is the collection of debts using the mails and telephone, and Zakheim regularly attempts to collect debts alleged to be due to another.

5. Zakheim is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise out of 15 U.S.C. § 1692.

8. Venue is proper in Delaware pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

9. Zakheim attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to TD Bank.

10. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

11. On or about August 26, 2015, Plaintiff and Zwicker & Associates, P.C. ("Zwicker"), on behalf of TD Bank, entered into a settlement agreement for Plaintiff's TD Bank account ending in 5865. A copy of the settlement agreement is attached hereto as Exhibit A.

12. Pursuant to the terms of the aforementioned settlement agreement, Plaintiff was required to make twelve (12) monthly payments totaling $3,155.00 to settle and close her TD Bank account.

13. Thus, TD Bank acknowledged in writing that it had agreed to a settlement of Plaintiff's TD Bank account ending in 5865, in consideration for the payments which Plaintiff would be required to make.

14. Plaintiff, via her debt settlement company, National Debt Relief ("NDR"), timely made the first ten settlement payments.

15. TD Bank accepted and cashed these payments. Proofs of these payments are attached herein as Exhibit B.

16. However, although Plaintiff and NDR timely made the final two settlement payments available, TD refused to accept these payments, in breach of the parties' aforementioned settlement agreement.

17. TD Bank's reneging on the settlement agreement with Plaintiff constitutes a breach of the settlement agreement, which was a binding legal contract.

18. Thereafter, on June 28, 2016, Plaintiff received a collection letter from Zakheim referencing a balance of $3,399.17. This letter is attached herein as Exhibit C.

19. This letter was a false representation of the debt as the account was already settled through TD Bank's original agent, Zwicker, and contained a settlement balance of only $486.00.

20. In response to this letter, on September 2, 2016, NDR contacted Zakheim to resolve the payment discrepancy; a Zakheim representative named "Daniel" stated that Zakheim would not honor the previous settlement agreement.

21. Zakheim knew or should have known that its actions violated the FDCPA. Additionally, Zakheim could have acted in compliance with the FDCPA, but failed to do so.

22. Zakheim failed to adequately review its actions to ensure compliance with the FDCPA.

23. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I
(Breach of Contract)

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26. TD Bank acknowledged in writing that it had agreed to a settlement with Plaintiff, in consideration for the settlement payments, which Plaintiff would be required to make.

27. The settlement agreement constituted a legally binding contract.

28. Plaintiff timely made and TD Bank accepted the first ten requisite payments, in accordance with the settlement agreement.

29. However, although Plaintiff made the final two settlement payments available, TD Bank refused to be accept the payments and finalize the settlement.

30. TD Bank's reneging on the settlement agreement with Plaintiff was a breach of contract.

31. As a result, Plaintiff has suffered actual and monetary damages.

## COUNT II
(Breach of Implied Covenant of Good Faith and Fair Dealing)

32. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

33. TD Bank owed Plaintiff an implied duty of good faith and fair dealing with respect to the settlement agreement entered into between TD Bank and Plaintiff.

34. By way of the foregoing conduct, TD Bank breached the implied covenant of good faith and fair dealing that it owed to Plaintiff with respect to the settlement agreement.

35. TD Bank has acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

36. As a result of TD Bank's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III
(Fair Debt Collection Practices Act)

37. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

38. The above contacts between Zakheim and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

39. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

40. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

41. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

42. Zakheim violated these provisions of the FDCPA by falsely and deceptively collecting on Plaintiff's debt for a much higher amount than the settlement

    balance and subsequently refusing to honor a previously executed and binding settlement agreement on Plaintiff's debt.

43. Zakheim knew or should have known that its actions violated the FDCPA. Additionally, Zakheim could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the FDCPA.

44. As a result of the above violations of the FDCPA, Zakheim is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000.00 be entered against Defendants as follows:

(a) That judgment be entered against TD Bank for actual and monetary damages accrued by Plaintiff as a result of TD Bank's breach of contract;

(b) That judgment be entered against TD Bank for actual and monetary damages accrued by Plaintiff as a result of TD Bank's breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against Zakheim for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Zakheim for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*